UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-09235-AH-(MAAx) | Date February 6, 2025 |
| Title *Ana G Ruelas et al. v. FCA US, LLC et al.* | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND [24] [JS-6]

Plaintiffs Ana G Ruelas and Juan M de Santiago ("Plaintiffs") move to remand this case to the Los Angeles County Superior Court. Mot. to Remand, Dkt. No. 24-1. Defendant FCA US, LLC ("Defendant") opposes the Motion. Opp'n, Dkt. No. 26. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

I.    BACKGROUND

This case arises out of the warranty obligations of Defendant regarding a motor vehicle. Compl. ¶ 10, Dkt. No. 1-1. On or about June 10, 2022, Plaintiffs entered into a warranty contract with Defendant regarding a 2022 Jeep Grand Cherokee vehicle ("Subject Vehicle"). *Id.* ¶ 6. The warranty contract contained various warranties, including but not limited to the bumper-to-bumper warranty, powertrain warranty, and emission warranty. *Id.* ¶ 7. Defects and nonconformities to the warranty manifested themselves within the applicable express warranty period. *Id.* ¶ 11. Plaintiffs allege that Defendant failed to either promptly replace

the Subject Vehicle or to promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act ("SBA"). *Id.* ¶ 15.

Plaintiffs allege four causes of action under the SBA and one cause of action for fraudulent inducement – concealment. *See generally id.* The Complaint seeks actual damages, civil penalties, attorney's fees, punitive damages, and other forms of relief. *See generally id.* at Prayer for Relief. Plaintiffs initiated this proceeding in the Los Angeles County Superior Court, No. 24STCV24699. *Id.* Asserting diversity jurisdiction, Defendant removed the case to federal court on October 25, 2024. Notice of Removal, Dkt. No. 1.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a). "Where…it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

## III. DISCUSSION

The parties dispute whether the amount in controversy exceeds the jurisdictional threshold. Thus, Defendant must show that the amount in controversy more likely than not exceeds $75,000.

### A. Actual Damages

"Actual damages under the SBA are 'equal to the actual price paid or payable by the buyer,' minus the reduction in value 'directly attributable to use by

the buyer.'" *Aliyarzadeh v. FCA US LLC*, 2022 WL 500652, at *2 (C.D. Cal. Feb. 18, 2022) (quoting Cal. Civ. Code § 1793.2(d)(2)(B)–(C)). "The reduction is based on miles driven before the first attempted repair of the defect." *Id.* (citing Cal. Civ. Code § 1793.2(d)(2)(B)–(C)). "[A] plaintiff's recovery is limited to the actual payment amount to the seller." *Chajon v. Ford Motor Co.*, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019)

Defendant claims that the actual damages in the case are $52,940. Notice of Removal ¶ 28. However, Defendant fails to meet its burden to show this calculation is appropriate. Defendant reaches this number by looking at the cost of the Subject Vehicle with options plus the destination charge. Sheridan Decl. ¶ 7, Dkt. No. 1-3. However, Defendant fails to take into account a reduction in value directly attributable to use by the buyer. *Quinones v. FCA US LLC*, 2020 WL 4437482, at *1 (C.D. Cal. July 31, 2020) ("[w]ithout information about Plaintiff's use of the vehicle (such as the number of miles driven), the Court is left with considerable doubt as to the amount in controversy"); *Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (because "Defendants neglected to take the mileage offset into account, they failed to meet their burden of showing Plaintiff's actual damages based on the purchase price of the vehicle"). Moreover, Defendant has failed to allege essential facts about financing and payments made. *Chajon*, 2019 WL 994019, at *1 ("[T]here is no indication as to whether Plaintiff paid in full or agreed to financing, and if so, how many payments were made. Nor is there indication as to how many miles Plaintiff drove. Without these facts, the Court is left with considerable doubt as to the amount in controversy.").

Thus, Defendant's actual damages allegation is speculative, and Defendant has not shown by a preponderance of the evidence that the actual damages are $52,940.

### B. Civil Penalties

The SBA permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages." Cal. Civil. Code § 1794(c). This is only if the defendant's violations were willful. *Id.* Although many district courts have found that civil penalties should be included in the amount in controversy if pled in the complaint, many other district courts do not include civil penalties "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28,

2021) (collecting cases). "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019). The "defendant must make some effort to justify the assumption." *Estrada v. FC US LLC*, 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (internal quotation marks and citations omitted).

The Court agrees that a defendant does not meet its burden of establishing the amount in controversy by a preponderance of the evidence without some allegation of willfulness that goes beyond boilerplate assertions that could possibly entitle Plaintiff to a civil penalty. If "boilerplate allegations [about willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court." *Savall*, 2021 WL 1661051, at *3. "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy." *Lopez v. Kia Am., Inc.*, 693 F.Supp.3d 1063, 1068 (C.D. Cal. 2023).

Defendant points only to Plaintiff's boilerplate allegations that it acted willfully and that Plaintiffs should recover a civil penalty as a result. Opp'n at 6; Compl. ¶¶ 43, 50, 53. There are no further allegations in the Complaint about willfulness. And Defendant points to no other evidence.

Thus, Defendant has not shown by a preponderance of the evidence that a civil penalty should be included in the amount in controversy.

### C.   Attorney's Fees

The amount in controversy includes "attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citation omitted). A removing defendant, however, bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence[,]" and has to "make this showing with summary-judgment-type evidence[.]" *Fritsch*, 899 F.3d at 795 (citations omitted). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Defendant only speculates that the attorney's fees in this matter will exceed a certain threshold and provides no explanation for the anticipated scope of discovery or litigation. Defendant does not provide any evidence, either in the Notice of Removal or the Opposition, of Plaintiffs' future attorneys' fees in this case. *See Vallejo v. Gen. Motors, LLC*, 2020 WL 1164949, at *3 (C.D. Cal. Mar. 11, 2020) (holding that the Court cannot assume the plaintiffs' attorney's fees will be sufficient to cross the jurisdictional threshold without any evidence provided by the Defendant regarding future attorneys' fees). Defendant attaches declarations and court opinions from other cases where attorney's fees were awarded. James Sheridan Decl. ¶¶ 9, 10, Dkt. No. 1-3. Yet, Defendant does not explain why the fee awards in those cases would be similar to the attorney's fees in this case. *See Karapetyan v. Volkswagen Grp. of Am., Inc.*, 2024 WL 3888904, at *3 (C.D. Cal. Aug. 21, 2024) (holding that a defendant failed to establish that attorney's fees would bring the amount in controversy over the $75,000 threshold, despite citing two cases where attorney's fees were awarded, because the defendant did not explain why fee awards in the other cases would be similar to the attorney's fees recoverable in the present case).

Thus, Defendant does not establish that the attorney's fees in this case would bring the amount in controversy over the $75,000 threshold.

### D. Punitive Damages

"The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law." *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (internal quotation marks and citation omitted). Defendant has a burden of demonstrating a recoverable punitive damages award by a preponderance of the evidence. *See id.*

Here, Defendant fails to establish by a preponderance of the evidence any recoverable punitive damages. The calculations Defendant provides for punitive damages are entirely speculative. Opp'n at 7–8. Although Defendant cites to analogous cases, Defendant fails to explain why the punitive damages in those cases would be similar to any punitive damages here. *Id.*

Thus, Defendant does not establish by a preponderance of the evidence that punitive damages in this case would bring the amount in controversy over the $75,000 threshold.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Remand. The case is remanded to the Los Angeles County Superior Court, No. 24STCV24699. The Court directs the Clerk of Court to close the case.

**IT IS SO ORDERED.**